MORALES ET AL., PLAINTIFFS AND APPELLANTS, *v.* DÍAZ ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action for the Rescission of a Contract and Damages.

No. 1509.—Decided January 30, 1917.

CONTRACT—DAMAGES—EVIDENCE—CONDITIONS OF CONTRACT—FRAUD.—This action was brought to rescind a contract of purchase and sale and for damages on the ground that the defendants, the vendees in the contract, had failed to fulfil their promise to lend the vendors a certain sum of money, the promise being a part of the consideration for the contract. It was not alleged that any fraud or deceit was practiced at or before the time of the execution of the contract, and the alleged damages were based on the inability of the plaintiffs to continue the cultivation of a certain property, the loss of their credit and their inability to pay their debts. The defendants alleged that the promise to lend the money was independent of the contract of purchase and sale and was due to the situation and conduct of the vendors. The lower court rendered judgment for the defendants on the ground that the evidence did not warrant the rescission of the contract. *Held:*

1. The rule that a written contract must be considered as containing all the conditions of the agreement and that there can be no other evidence of the same outside the contents of the document, is something more than a mere question of proof; it is a declaration of policy by the Legislature.

2. There must be some end to litigation, involving the terms of a written contract, and with the exceptions set forth in the Law of Evidence, the parties may not attack their solemn agreement except for fraud and the like; and even when evidence may be introduced, the court is justified in not considering it.

3. The theory of the complaint that the plaintiffs were induced to execute the deed by the promise, is inconsistent with the idea that this is an independent suit for damages on account of the failure of the defendants to comply with their promise.

4. That the damages attempted to be proved are too remote.

EVIDENCE—VOUCHER.—When the plaintiff puts the defendant on the witness stand to prove a part of his case, it is understood that he vouches for him, and he cannot be heard to claim later that the testimony should be received with caution.

ID.—PREPONDERANCE OF EVIDENCE.—The number of witnesses does not determine the preponderance of the evidence.

The facts are stated in the opinion.

*Mr. Francisco González* for the plaintiffs.

*Mr. Juan B. Huyke* for the defendants.

MR. JUSTICE WOLF delivered the opinion of the court.

Silverio Morales and his wife brought a suit to annul a deed on the ground that the defendant, the purchaser in the sale, had failed to comply with his promise to loan to the said Silverio Morales the sum of $500 for the term of five months. Of any act of fraud or intention to deceive at or before the deed of sale was executed, the complaint and, incidentally, the proof are silent. The whole theory of the plaintiffs' case turns solely on the failure of the defendant to comply with his promise to loan the said $500, the agreement to perform the same being, as the complaint alleges, a part of the consideration and inducement under which the said Morales entered into the contract. The complaint also asked damages for the failure to make the loan. The defendant maintained that the promise to loan the $500 was entirely independent of the contract of sale, inasmuch as the said Morales already owed him $700, and because of the situation and conduct of Morales, to be mentioned hereafter. The defendant also alleged that as the loan was to be guaranteed by the sureties, the said Morales had failed to bring the two sureties agreed upon and that he, the said defendant, had never agreed to accept one of the said offered sureties. The court below rendered judgment in favor of the defendant.

The arguments of counsel in this court have been almost exclusively directed to the weight of the testimony, the appellants insisting that the preponderance thereof tended to show a promise to loan as part of the consideration and that such testimony was corroborated by all the facts and all the witnesses with the exception of the defendant himself whose testimony, say the appellants, should be received with caution. In passing we may say that it is not the number of witnesses that determines the preponderance of the proof. The appellants say that the testimony of the defendant should be received with caution, and yet at the trial the plaintiffs put him on the stand to prove part of the case and thus vouched for him. This would be a circumstance by itself which should make us disinclined to vary the rule of supporting the trial judge in his solution of a conflict in the testimony. If the case were primarily before us we should be disposed to find that the defendant did agree with the principal plaintiff to make him a loan on the presentation of the two sureties actually offered. The theory of the case, however, seemed principally to turn on the question of whether the promise to loan was the inducement or consideration for the contract. The court thought it was an independent agreement and as to this point was entirely right, not only as to the weight of the proof but as to the law. The court said: "While it is true that consent given by error, under violence, by intimidation or deceit invalidates the contract, in this case none of the circumstances invalidating the consent appear to have been shown."

The court evidently did not have in mind the mere question of the conflict of the proof. It found that there was no evidence to destroy the contract made and in this it is furthermore supported by the Law of Evidence, sections 25 and 28, as follows:

"Section 25.—When the terms of an agreement have been reduced to writing by the parties, it is to be considered as contain-

ing all those terms, and therefore, there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreement other than the contents of the writing, except in the following cases:

"1. Where a mistake or imperfection of the writing is put in issue by the pleadings.

"2. Where the validity of the agreement is the fact in dispute.

"But this section does not exclude other evidence of the circumstances under which the agreement was made or to which it relates, as defined in section twenty-eight, or to explain an extrinsic ambiguity, or to establish illegality or fraud. The term 'agreement' includes deeds and wills, as well as contracts between parties."

"Section 28.—For the proper construction of an instrument, the circumstances under which it was made, including the situation of the subject of the instrument and of the parties to it may also be shown, so that the judge be placed in the position of those whose language he is to interpret."

This rule is something more than a mere question of proof. It is a declaration of policy by the Legislature. It is designed, like the English Statute of Frauds of which it is the offspring, to prevent controversies of the nature before us. The contract is to be considered as containing all the terms and there can be no evidence of the terms of the agreement other than the contents of the writing. Most of the evidence might have been excluded under this rule, but even if admitted the court was entitled to regard it as no evidence. See in this regard *Belber* v. *Calvo,* 16 P. R. R. 342; *People* v. *Alvarado,* 19 P. R. R. 830; 38 Cyc. 1939, 1940. There must be an end of litigation and with the exceptions set forth in the Law of Evidence, parties may not attack their solemn agreement except for fraud and the like. In this case there was a mass of proof to the effect that the principal plaintiff actually owed the defendant $700 and that he was indebted to others, and the evidence tended to show that said plaintiff had previously deceived the defendant in the matters leading up to such indebtedness, and that the latter used the alleged misconduct to compel the execution of the deed.

The theory of the complaint was that the plaintiff was induced to make the deed by reason of the false promise, and such theory, and the parties urged no other, is inconsistent with the idea that this is an independent suit for damages for failure to comply with the promise of a loan of $500. The principal contract being reduced to writing and stating all the terms, such an independent promise would be, in contemplation of law, without consideration. Moreover, we think the damages attempted to be proved, namely, that Morales could not get money to carry on the cultivation of a particular piece of property already under cultivation and his credit was injured in Caguas and elsewhere by reason of his failure to pay one or more debts, are too remote. We find no error and the judgment should be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.